**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**ANTHONY B. SPANGLER,**

    **Plaintiff,**

  **v.**                                                          **Case No. 13-CV-883**

**CITY OF BEAVER DAM,**

    **Defendant.**

---

### DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

---

On August 1, 2013, Anthony B. Spangler ("Spangler") filed a complaint against the City of Beaver Dam ("Beaver Dam"), alleging violations of his rights under the Fourth Amendment and 42 U.S.C. § 1983. (Docket # 1.) Beaver Dam filed a motion to dismiss Spangler's complaint on October 28, 2013; however, Spangler did not file a response to Beaver Dam's motion within twenty-one days, as required by Civil Local Rule 7(b). As a result, on January 22, 2014, Judge J.P. Stadtmueller ordered Spangler to show good cause for his failure to timely oppose Beaver Dam's motion. (Docket # 10.) The Court stated that if Spangler failed to show good cause within ten days from the date of the order, the Court would dismiss the action with prejudice and without further notice. (*Id.*) This case was reassigned to this Court on consent on January 22, 2014.

On January 31, 2014, Attorney Joseph F. Fischer entered an appearance on behalf of Spangler. (Docket # 12.) Attorney Fischer simultaneously filed a response to Beaver Dam's motion to dismiss and a letter stating that he had discussed a response to the motion to dismiss with Spangler in early November 2013 and it was his "belief that this had gotten sent out to the Federal Court."

(Docket # 14.) Attorney Fischer further states that it was "through no fault of Mr. Spangler's" that the Court never received his response. (*Id.*) I am not convinced this shows the requisite good cause to excuse Spangler's failure to timely respond to the motion. Although Attorney Fischer states that it was not Spangler's fault that the response was never sent out, he offers no further explanation to excuse the failure to respond. Attorney Fischer was not attorney of record for Spangler until January 31, 2014. Thus, it was Spangler's responsibility to ensure that a response was timely filed.

Even assuming Spangler showed cause for his late filing, as further explained below, his complaint fails to state a claim. By way of background, Spangler previously filed a complaint against Beaver Dam that was dismissed by Judge Charles N. Clevert, Jr. on November 13, 2012. *Spangler v. City of Beaver Dam*, 13-CV-874. The complaint in the present case is identical to the complaint previously filed against Beaver Dam and dismissed by Judge Clevert for failure to state a claim, with the exception of the addition of paragraphs nineteen through twenty-three. (Docket # 1.) Although Beaver Dam argues that any claims based on paragraphs one through eighteen are barred by claim preclusion, (Docket # 7 at 3) because Judge Clevert dismissed Spangler's previous complaint without prejudice, (13-CV-874, Docket # 7 at 5), claim preclusion does not bar Spangler's litigation of those claims. *See Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 396 (1990) (finding that dismissal without prejudice does not operate as an adjudication upon the merits, and does not have a res judicata effect).

Under Fed. R. Civ. P. 12(b)(6), dismissal is appropriate if the plaintiff fails "to state a claim upon which relief can be granted." The Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor, *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003); however, legal conclusions are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). Under the notice pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Id.* A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Id.*

Spangler asserts that on August 30, 2007, he parked his car in a municipal parking lot in downtown Beaver Dam. (Complaint at ¶ 4.) Spangler claims that parking in this lot was permitted for up to 72 hours. (*Id.* at ¶ 5.) When he went to retrieve it later that day, the car had been towed. (*Id.* at ¶ 6.) There were no signs, barricades or anything to suggest that the vehicle would be towed. (*Id.*) Spangler paid the towing charge, but contested it during a Department of Public Works Meeting. (*Id.* at ¶ 7.) At the meeting, Spangler explained that he was parking legally. (*Id.* at ¶ 8.) He was advised that it was posted that the lot was to be repaired or worked on; however, Spangler denied there were any postings at the time he parked the vehicle in the lot. (*Id.*) Spangler's request for a refund on the towing charge was denied and he advised that he would be contacting his attorney. (*Id.* at ¶ 9.) The City Attorney yelled "NO" at Spangler. (*Id.*)

Before Spangler retained his current counsel, the City Attorney told him that she talked to Spangler's former counsel who told the City Attorney that Spangler had a weak case. (*Id.* at ¶ 10.) Despite his efforts to get answers, Spangler was given numerous stories from different sources. (*Id.* at ¶ 11.) For example, he was told that the parking lot was closed for a myriad of reasons, including the decision to re-engineer the ingress and egress, to reconfigure the lot, for striping, to do asphalt

work, and to remove parking meter standards. (*Id.*) None of the repairs occurred from the date of the incident to the date of the complaint. (*Id.* at ¶ 12.) Beaver Dam ignored Spangler's requests for answers. (*Id.* at ¶ 13.) He was never cited for illegal parking and no report was generated. (*Id.* at ¶ 15.)

Spangler has a history of issues with Beaver Dam and its "selective prosecution" of him and maintains that the towing was retaliatory and was done to harass. (*Id.* at ¶ 16.) He has lived across the street from the police department for the last fifty years and has had issues with the City Attorney. (*Id.*)

On one occasion, Spangler reported to law enforcement that another vehicle was blocking his driveway. (*Id.* at ¶ 17.) However, the officer took issue with Spangler and followed him to a nearby coffee shop, drove a squad onto the lawn of the coffee shop, and stared at Spangler for in excess of five minutes. (*Id.*) After numerous attempts, the police were able to contact the owner of the vehicle that was blocking the driveway and the vehicle was not towed. (*Id.*)

On November 25, 2012, Spangler was ticketed by the Beaver Dam Police Department for disorderly conduct stemming from a dispute with a neighbor. (*Id.* at ¶ 19-20.) The neighbor had driven a lift on Spangler's property in order to do some roof repair, causing substantial damage to Spangler's lawn. (*Id.* at ¶ 20.) Without Spangler's consent, the neighbor proceeded to fill in the ruts, seed, and put down hay on Spangler's lawn. (*Id.*) Spangler wished to have the repairs done by a professional, so he raked the seeds and hay off of his lawn over onto the neighbor's property. (*Id.*) A tenant of his neighbor called the police and Spangler was ticketed for raking the straw onto his neighbor's property. (*Id.* at ¶ 21.) A trial was held and the court deferred judgment and ordered that if there were no more incidents, after six months, the citation would be dismissed. (*Id.* at ¶ 22.)

Spangler alleges Beaver Dam presented no evidence that he ever left his property or did anything more than rake. (*Id.*)

Spangler believes that he is the victim of discrimination by Beaver Dam. (*Id.* at ¶ 18.) He believes that the harassment will continue until Beaver Dam is required to give some accountability and complete explanations for its actions. (*Id.* at ¶ 19.)

In addition to claim preclusion, Beaver Dam argues that the facts alleged by Spangler do not suggest a right to relief beyond any speculative level. Spangler "invokes the Doctrine of Ras Ipsa Loquitar [sic] in response [to] Defendant's allegation that the facts alleged by Plaintiff do not suggest a right to relief beyond any speculative level." (Docket # 13 at 1.) Under the doctrine of *res ipsa loquitur*, the manner in which an incident occurred permits an inference that it was caused by the defendant's negligence. *Sweeney v. Erving*, 228 U.S. 233, 238-39. It is a doctrine confined to negligence cases, *Aguirre v. Turner Const. Co.*, 582 F.3d 808, 810-11 (7th Cir. 2009) and thus is inapplicable in this § 1983 action. *See Cooney v. Casady*, 735 F.3d 514, 519 (7th Cir. 2013) (stating that § 1983 claims cannot be founded on negligence); *Bonner v. Coughlin*, 545 F.2d 565, 567 (7th Cir. 1976) ("If Section 1983 is to be extended to cover claims based on mere negligence, the Supreme Court should lead the way.").

Judge Clevert previously analyzed Spangler's complaint under class-of-one equal protection and § 1983. For a class-of-one equal protection claim, Spangler must assert that he was intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 563-64 (2000). Although Spangler alleges that he once called the police when someone blocked his driveway and the officer attempted to locate the owner of the vehicle rather than have the vehicle towed, nothing in the

complaint suggests that Beaver Dam has a policy of towing vehicles that are the object of a complaint. Further, as Judge Clevert points out, the car of which Spangler complains was parked in front of a home whereas his vehicle was parked in a municipal lot prior to towing. (12-CV-874, Docket # 7 at 4.)

With regards to Spangler's claim that Beaver Dam violated his fourth amendment rights when it towed his car, to state a claim against a city under § 1983, a plaintiff must allege: (1) that he has suffered a deprivation of a constitutionally protected interest, and (2) that the deprivation was caused by an official policy, custom or usage of the municipality. *Powe v. City of Chicago*, 664 F.2d 639, 643 (7th Cir. 1981) (citing *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). To satisfy the "official policy" prong of *Monell*, the plaintiff will have to establish that his constitutional violation was caused by (1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with final policymaking authority. *Milestone v. City of Monroe*, 665 F.3d 774, 780 (7th Cir. 2011). Spangler's complaint satisfies the first prong of *Monell* as he alleges he was deprived of his rights under the Fourth Amendment.

However, Spangler's complaint fails to satisfy the "official policy" prong of *Monell*. A complaint will withstand dismissal if the facts alleged, together with reasonable inferences to be drawn from them, could lead a reasonable factfinder to conclude that the actions of the city, by which the plaintiff was unconstitutionally deprived of his liberty, were the product of some policy or custom of the city. *Powe*, 664 F.2d at 650. Judge Clevert previously found Spangler's complaint failed to state a claim because there were no allegations which suggested that Beaver Dam had a practice, policy, or custom that caused the towing of Spangler's car, specifically relying on the fact Spangler's complaint stemmed from a single incident. (12-CV-874, Docket # 7 at 5.) Even with the

addition of the disorderly conduct citation, Spangler does not allege a factual basis suggesting an express or implied policy of Beaver Dam to deprive him of his constitutional rights. Nor does Spangler allege that his constitutional injury was caused by a Beaver Dam policymaker. As such, Spangler has failed to state a claim against Beaver Dam and Beaver Dam's motion to dismiss must be granted.

Spangler alternatively asks for the opportunity to amend his pleadings because "there are numerous other events that could be included in the Complaint that would support his position that he has been treated illegally by the City of Beaver Dam." (Docket # 14 at 1.) The Court is reluctant to allow Spangler to amend his complaint as he has already failed to state a claim against Beaver Dam on two separate occasions.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendant's motion to dismiss (Docket # 6) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that this case is dismissed with prejudice. The Clerk of Court is to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 6th day of February, 2014.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge